
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRY A. BURNETT, | No. 11-55266 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00167-LAB-BLM |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 11, 2012[**]
Pasadena, California

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

Harry Burnett appeals from an order of the district court granting the government's motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review of the evidence in the light most favorable to the non-moving party, we affirm.

Burnett, a forensic chemist employed by the Drug Enforcement Agency ("DEA"), alleges that the DEA discriminated against him on the basis of disability by denying him the opportunity to attend clandestine laboratory training in 1997. Burnett, who is African-American, also alleges that the DEA discriminated against him on the basis of race by denying him the opportunity to "sit-in" for his supervisor in the supervisor's absence.

The Rehabilitation Act prohibits federal agencies and programs receiving federal assistance from discriminating against any individual "solely by reason of her or his disability." 29 U.S.C. § 794(a). The Rehabilitation Act incorporates the standards for determining discrimination applied under the Americans with Disabilities Act (the "ADA"). 29 U.S.C. § 794(d). The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless "the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). "The appropriate reasonable accommodation is best determined through a flexible, interactive

2

process that involves both the employer and the [employee] with a disability." 29 C.F.R. Pt. 1630, App. § 1630.9.

The DEA engaged in a good-faith exploration of possible accommodations with Burnett. After Burnett's back surgery limited his lifting ability, Burnett requested and received accommodation that removed him from clandestine laboratory activities, which involve heavy protective equipment. Burnett's supervisor denied Burnett's subsequent request to attend clandestine laboratory training in 1997 because the supervisor saw it as unnecessary in light of the accommodation. After Burnett renewed his request to attend the training, Burnett's supervisors met with him, reconsidered, and allowed him to attend in 1998 and following years. Accordingly, the district court did not err by finding that there was no material issue of fact with regard to the DEA's actions and that those actions did not violate the ADA because they were part of an ongoing interactive process of communication, consideration, and accommodation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).

Burnett also argues that his supervisor's decision not to select Burnett to sit-in for him when he was absent was racially discriminatory, in violation of Title VII of the Civil Rights Act of 1964. Assuming that Burnett established a prima facie case of discrimination, the DEA produced evidence of legitimate, non-

3

discriminatory reasons for its employment actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Burnett's supervisor selected those who expressed an interest in supervision, which Burnett did not, and those who related well to the group, while Burnett himself stated that he was a loner and did not want to mix with the rest of the team. Although the evidence required to raise a genuine dispute is minimal, Burnett did not submit any evidence alleging discriminatory intent or alleging that the DEA's profferred reasons were pretextual. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004). "[A] plaintiff cannot defeat summary judgment simply by making out a prima facie case." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (citation omitted). The district court did not err in finding that there was no genuine issue of material fact as to Burnett's Title VII claim.

**AFFIRMED.**